UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARIADNI GONZALEZ | CIVIL ACTION |
| VERSUS | NO. 15-5928 |
| ROGER DALE GRANTER, SHIRLEY JEAN GRANGER, AND GEICO GENERAL INSURANCE COMPANY | SECTION "N" (5) |

### ORDER AND REASONS

Presently before the Court is the motion to remand filed by Plaintiff Ariadni Gonzales. *See* Rec. Doc. 10. Having carefully considered the record, the parties' submission, and applicable law, **IT IS ORDERED** that Plaintiff's motion is **GRANTED**. **IT IS FURTHER ORDERED** that this action be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

### BACKGROUND

On October 2, 2015, Plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans, State of Louisiana, asserting negligence claims arising out of a motor vehicle accident in which she was involved on February 23, 2015. Specifically, Plaintiff alleges that a "vehicle owned by Roger Dale Granger and/or Shirley J. Granger and operated by Shirley J. Granger, disregarded a yield sign and struck the front of the vehicle owned and operated by Plaintiff." *See* Petition for Damages ("Pet"), Rec. Doc. 1-1, ¶ III. According to Plaintiff, the "sole and proximate cause of the above referenced accident was the negligence and fault of the defendant,

Shirley J. Granger. . . . " *Id.* ¶ IV. In addition to the Grangers, Plaintiff sued Defendant Geico General Insurance Company ("Geico") as the automobile liability insurer for the vehicle operated by Shirley J. Granger and owned by Shirley J. Granger and/or Roger Dale Granger.

Asserting that 28 U.S.C. § 1332 provides federal diversity jurisdiction, Geico removed the matter to federal court. Plaintiff's motion to remand followed. She maintains that the "amount genuinely in dispute" does not exceed $75,000, such that the action must be remanded to state court. *See* Rec. Doc. 10, p.1.

## LAW AND ANALYSIS

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Diversity of citizenship subject matter jurisdiction requires that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Under Fifth Circuit jurisprudence, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the complaint alleges a specific amount of monetary damages. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When the plaintiff alleges a specific damage figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939)). The same is true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

In this instance, however, Plaintiff filed suit in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition.

*See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id.* The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Wal-mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "The removal statute must 'be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Herring v. Metro. Prop. & Cas. Ins. Co.*, Civil Action No. 10-935, 2013 WL 3893282, at *2 (E.D. La. July 26, 2013) (Engelhardt, J.) (quoting *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

A plaintiff's post-removal affidavit or stipulation regarding the amount in controversy may be considered in support of remand only under limited circumstances. Specifically, if plaintiff's state court pleading is ambiguous as to the amount in controversy, the Court may consider such post-removal submission solely to ascertain whether the jurisdictional minimum was satisfied at the time of removal. *See Gebbia,* 233 F.3d at 883; *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.,* No. 06-7624, 2007 WL 97062, *2 (E.D. La.) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La.) (Engelhardt, J.). If the amount in controversy is clear from the face of the complaint, however, post-removal stipulations, affidavits, and amendments

purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883. A plaintiff's failure to stipulate that damages cannot exceed $75,000, however, is not determinative of the remand inquiry. *See, e.g., Carbajal v. Caskids Oil Operating Co.*, Civil Action No. 05-5966, 2006 WL 1030392, at *2 (E.D. La. Apr. 18, 2006) (Africk, J.) Rather, it constitutes only one factor. *Id.*

If a defendant meets its burden by a preponderance of the evidence, a plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *Id.* at 1412 (emphasis added).

Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id.* at 1412, n. 10. In Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings. *See* La. Code Civ. P. art. 862. Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *See, e.g,. Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La.) (Vance, J.);

*Crosby v. Lassen Canyon Nursery, Inc.*, Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La.) (Vance, J.).[1]

Applying these principles here, the Court finds that Geico has failed to establish that it is facially apparent that Plaintiff's claims are likely to exceed $75,000. To the contrary, Plaintiff's petition is ambiguous with respect to the amount in controversy. In accordance with the dictates of Article 893(A)(1) of the Louisiana Code of Civil Procedure, Plaintiff did not allege a specific dollar amount of damages in her petition. Nor did she suggest, by requesting a jury trial in state court, that the amount in controversy was at least in excess of $50,000, exclusive of interest and costs, at the time of removal. See La. Code Civ. P. arts. 1731-32.

On the other hand, Plaintiff likewise failed to include the general statement that her "damages do not exceed $75,000," that is required of plaintiffs who "wish[] to establish lack of diversity jurisdiction in federal court." *See* La. Code Civ. P. art. 893(A)(1). The absence of such an allegation is not determinative, however, of the Court's inquiry. *See, e.g., Envtl. Equip., Inc. v. N. Ins. Co. of Am.*, Civil Action No. 11-2072, 2012 WL 2279736, at *2 (E.D. La. June 15, 2012) (Engelhardt, J.).

In arguing that the existence of federal jurisdiction is facially apparent, Geico emphasizes that Plaintiff's petition alleges that she "suffered severe injuries" from a motor vehicle accident, wherein a "vehicle . . . struck the front of" Plaintiff's vehicle, and requests an award of a wide variety of damages for both personal injury and property damage. See Pet. ¶ III. Geico

---

[1] In *Engstrom v. L-3 Communications Government Services, Inc.*, Civil Action No. 04-2971, 2004 WL 2984329, * 4 (E.D. La. 2004), this Court granted the plaintiffs' motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74,999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id*.

5

further relies upon Plaintiff's allegation that Geico is obligated to pay her a penalty and/or attorney's fees, which sums are properly included in calculating amount in controversy. *See e.g,., Herring,* 2013 WL 3893282, at *2 ("it well established that such penalties and attorney fees are to be included in considering the amount in controversy").

Specifically, Plaintiff seeks damages against GEICO in the form of "(a) past and future physical pain and suffering; (b) past and future mental pain and suffering; (c) past, present and future medical expenses, rental expenses and property damages; (d) loss of use and/or depreciation of vehicle; (e) loss of past and future earnings; (f) loss of future earning capacity; (g) permanent disability of the body; (h) past and future loss of enjoyment of life; and (I) loss of consortium." Pet. ¶ IX. She adds: "Defendants are responsible for property damages to Petitioner's vehicle, rental car reimbursement, storage fees, towing fees, loss of use and/or depreciation of car value and all other ancillary damages stemming from said property damage." Pet. ¶ VII. Finally, Plaintiff alleges: "At all relevant times, [Geico] has acted in bad faith towards Plaintiff, including by failure to make a reasonable tender for her injuries and failure to reasonably adjust his property damages claims." Pet. VIII. Given Geico's alleged bad faith, Plaintiff seeks an award of "penalties under La. R.S. 22:1892 and 22:1973; double damages pursuant to LSA - R.S. 22:1973; 50% penalties for failure to submit payment within thirty (30) days from proof of claim; attorneys' fees; court costs; and any other relief that Honorable Court deems fair and equitable." *Id.*

To determine whether it is facially apparent from a plaintiff's petition that the jurisdictional amount is satisfied, the Court considers both the type and extent of the injuries alleged, the types of damages requested, and the presence or absence of factual allegations sufficient to establish the requisite likelihood, rather than a mere possibility, that damages will exceed $75,000. *See, e.g,., Herring,* 2013 WL 3893282, at *2. Here, Plaintiff's property damage

6

allegations are completely nonspecific in terms of duration and extent. With respect to bodily injuries, though Plaintiff alleges that she suffered "severe injuries," her petition does not identify any specific injury, and does not detail the duration of the injury, any past or future treatments that have been provided or recommended, any resulting physical limitations, permanent pain, or other disability resulting from the injuries, and/or any loss of employment or wages caused by Plaintiff's injuries.

Additionally, though the types of damages alleged by Plaintiff generally assist in establishing the amount in controversy require by §1332, such allegations alone, unaccompanied by pertinent factual detail, "simply provide[] the usual and customary damages set forth by personal injury plaintiffs and do[] not provide the Court with any guidance as to the actual monetary amount of damages [Plaintiff] has or will incur." *See Carver v. Wal-Mart Stores, Inc.*, Civil Action No. 08-42 2008 WL 2050987, at *2 (M.D. La. May 13, 2008) (Noland, M.J.); *see also Creppel v. Fred's Stores of Tennessee, Inc.*, Civil Action No. 13-734, 2013 WL 3490927, at *4 (E.D. La. July 10, 2013) (Barbier, J.) ("petition is ambiguous as to whether Plaintiffs' damages would exceed $75,000, because Plaintiffs merely pleaded the usual and customary damages set forth by personal injury plaintiffs . . . [w]ithout identifying the specific physical injuries . . allegedly suffered"); *Jeffcoats v. Rite-Aid Pharmacy*, Civil Action No. 01-764, 2001 WL 1561803, at *3-4 (E.D. La. Dec. 6, 2001) (Vance, J.) (although the types of damages alleged "generally . . . favor" a facially apparent determination, the absence of details regarding the "serious and debilitation injuries" resulting from fall, accompanied by post-removal supplemental and amending complain stipulating claim less than $75,000, precluded satisfaction of that test); *Palmer v. Wal-Mart Stores, Inc.*, Civil Action No. 95-1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996) (Livaudais, J.) (allegations of "severe and permanent injuries" that "do not reveal [] the extent of [the plaintiff's] injuries" are of the type that

7

are "fairly 'vanilla'" and insufficient to render jurisdiction facially apparent).

As stated above, the Court finds that Geico has failed to demonstrate that federal diversity jurisdiction is facially apparent from the allegations of the petition. Accordingly, the action must be remanded to state court *unless* Geico has met its removal burden by setting forth summary judgment type evidence of facts in controversy that support a finding of the requisite jurisdictional amount. In conducting this inquiry, the Court additionally considers Plaintiff's post-removal "Agreement to Stipulation" (Rec. Doc. 10-2), as a purported clarification of the original petition, along with Plaintiff's October 7, 2015 MRI report provided by Defendant (Rec. Doc. 11-1), and the competing jurisprudence cited in the parties' memoranda regarding post-trial awards by courts and juries. Given the ambiguous nature of Plaintiff's petition, Plaintiff's post-removal stipulation that recoverable damages in this matter do not exceed $75,000, the strict construction mandated for the general removal statute, and that doubt as to the propriety of removal is to be resolved favor of remand, the Court concludes that neither the addition of Plaintiff's MRI report, nor the Louisiana jurisprudence cited by Geico, is sufficient to satisfy its burden of demonstrating that the action was properly removed pursuant to 28 U.S.C. §1441 and §1332.

With respect to the MRI report, which was prepared post-removal, Geico offers no accompanying expert affidavit or testimony, or other medical reference, explaining the report's contents and implications vis-á-vis Plaintiff's condition, treatment options, or prognosis. Nor has the Court been apprised whether any of the additional diagnostic or pain management measures suggested in the report were completed, or their corresponding costs. The Court likewise has not received any evidence regarding Plaintiff's associated wage loss, if any, or property damage claim. *Cf. Loftin v. Hughes,* Civil Action No. 14-1608, 2014 WL 3893313, at *3-4 (E.D. La. Aug. 7, 2014) (Brown, J.) (noting lack of evidence of ongoing or medical treatment, time lost from work, hourly

wage, extent of damage to motor vehicle, or likelihood that plaintiffs actually would undergo future medical procedures).

Additionally, the jurisprudence that Geico cites, relative to damage awards in Louisiana courts of $75,000 or more, is largely distinguishable given that the awards were rendered post-trial and concerned plaintiffs who had undergone surgery and/or presented pertinent evidence that, based on the parties' present submissions, the Court has no way of knowing is or is not available here. Indeed, according to Plaintiff's memorandum, her medical bills at the time of its submission totaled only $4,722.00, and Geico offers no evidence to the contrary. In any event, general damage awards, which can be substantial, are at the discretion of the trier-of-fact and "must be analyzed on a case-by-case basis" based on "the particular facts and circumstances presented by the case under review." *See Hoyt v. Gray Ins. Co.,* 2000-2517, *12-13 (La. App. 4 Cir. 1/31/02), 809 So. 2d 1076, 1084, *writ denied sub nom. Hoyt v. The Gray Ins. Co.*, 2002-1222 (La. 6/21/02), 819 So. 2d 343. Lastly, although "bad faith" penalties and attorney's fees awarded against insurers are included in the jurisdictional amount calculation, the Court presently lacks sufficient information to reasonably estimate the likelihood or extent of such an award. Importantly, as previously stated, merely because a plaintiff's damages potentially may exceed $75,000, does not make the such an award appear more likely than not. *See, e.g. McCain v. Winn-Dixie Montgomery*, LLC, Civil Action No. 16-1546, 2016 WL 2908418, * 4 (E.D. La. May 19, 2016) (Lemelle, J.); *Loftin*, 2014 WL 3893313, *4; *Carbajal*, 2006 WL 1030392, at *2 ("The reality that plaintiffs *may* recover greater than $75,000 does not suffice to warrant removal.") (emphasis added).

9

## **CONCLUSION**

For foregoing reasons, the Court finds that Geico has failed to meet its burden of proving by a preponderance of evidence that the amount in controversy in this matter, exclusive of interest in costs, exceeds $75,000. Accordingly, **IT IS ORDERED** that Plaintiff's motion to remand is granted.

New Orleans, Louisiana, this 15th day of June 2016.

_____
**Kurt D. Engelhardt**
**United States District Judge**